IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                  ORDER

          Plaintiff,

                                                  01-cr-9-bbc

    v.

EDWARD McCHRISTIAN,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on December 29, 2008, I denied defendant Edward McChristian's motion filed under 18 U.S.C. § 3582 and Amendment 706 to the Sentencing Guidelines. Defendant has filed a notice of appeal and request to proceed in forma pauperis on appeal. In addition, he has filed what appears to be a motion for reconsideration of the December 29 order, in which he argues that it was error for the court to deny him a reduction of his sentence under § 3582 on the ground that he was accountable for more than 30 kilograms of crack cocaine. He acknowledges that Amendment 706 does not allow reductions of sentences for persons held accountable for the distribution of 4.5 kilograms or more, but he argues that the court's finding should not overrule the plea agreement, in which his drug amount "was capped at 1.5 kg."

1

In fact, defendant's plea agreement says nothing about a cap of 1.5 kilograms; it says only that he was charged with a violation of 21 U.S.C. § 846 involving 50 grams or more of cocaine base. Even if it had, his challenge would fail under United States v. Forman, 2009 WL 140502 (7th Cir.). In that case, a defendant, Childress, argued that his plea agreement had "capped" the quantity of crack cocaine for which he could be held guilty. The court of appeals disagreed, noting that the sentencing court had told him at his plea hearing that his stipulation with the government as to drug amounts did not bind the sentencing court. This instruction conformed to § 6B1.4(d) of the sentencing guidelines, which notes that courts are not obligated to accept stipulations of facts by the parties.

The court of appeals held that Childress could not benefit from Amendment 706 because "the amendment affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine." Id. at 3. Because the sentencing court had found him responsible for 4.5 kilograms or more, he was not eligible for a reduction. I conclude that defendant's motion for reconsideration must be denied because he has failed to show that the court's order was erroneous.

According to 28 U.S.C. § 1915(a), a defendant found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to proceed." From

2

defendant's financial affidavit, I find that he qualifies for indigent status on appeal. However, I must certify that his appeal is not taken in good faith, for the reasons explained above. Because Amendment 706 does not reduce the offense level for crimes involving 4.5 kilograms or more of cocaine base, defendant is not eligible for any sentence reduction. Therefore, I find that his challenge is without any basis in the law and no reasonable person could suppose it has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Defendant has the right to appeal this order finding that his appeal is not taken in good faith.

ORDER

IT IS ORDERED that defendant Edward McChristian's motion for reconsideration of the December 29, 2008 order is DENIED, as is his motion for leave to proceed in forma pauperis on appeal from that order. I certify that defendant's appeal is not taken in good faith.

Entered this 3d day of February, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3

4